UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MELVIN JOHNATHAN COLLINS, | Case No. 3:26-cv-00503-MMD-CSD |
| Petitioner, | ORDER |
| v. | |
| J. HENLEY, | |
| Respondent. | |

*Pro se* Petitioner Melvin Johnathan Collins has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, a motion for leave to proceed *in forma pauperis* ("IFP"), and a motion for appointment of counsel. (ECF Nos. 1 ("IFP Motion"), 1-1 ("Petition"), 1-2 ("Motion for Counsel").) The Court finds that good cause exists to grant the IFP Motion. And, following an initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules"), the Court directs service of the Petition and grants the Motion for Counsel.

I.    **BACKGROUND**[1]

Collins challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *See State of Nevada v. Melvin Collins*, C-12-281853-1. On June 23, 2023 and September 5, 2023, the state court entered a judgment of conviction and amended judgment of conviction, respectively, following a jury trial, convicting Collins of the murder of a person 60 years of age or older, robbery, obtaining and using the personal identification information of another, 52 counts of burglary, and 52

---

[1]The Court takes judicial notice of the online docket records of the Eighth Judicial District Court, accessible here, and Nevada appellate courts, accessible here.

counts of fraudulent use of a credit or debit card. Collins was sentenced to, *inter alia*, life without the possibility of parole. Collins appealed, and the Nevada Supreme Court affirmed on October 31, 2024. *See Melvin Johnathan Collins v. State of Nevada*, No. 86778. Remittitur issued on November 22, 2024.

Collins filed a state habeas petition on August 26, 2025. *See Melvin Collins v. Warden J. Henley*, A-25-926548-W. The state court denied the petition on October 16, 2025. Collins appealed, and the Nevada Court of Appeals affirmed on June 3, 2026. *See Melvin Collins v. Warden J. Henley and the State of Nevada*, No. 91593-COA. Remittitur issued on June 25, 2026.

## II.   DISCUSSION

Habeas Rule 4 requires the assigned judge to examine a habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The Court finds that a response is warranted, so it directs that the Petition be served on Respondent.

The Court now turns to Collins's Motion for Counsel. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *See id*. (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due

process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *see also Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

The Court provisionally appoints the Federal Public Defender to represent Collins. The Court finds that the appointment of counsel is in the interests of justice given Collins's life sentence and the complexities of this case.

## III.    CONCLUSION

It is therefore ordered that the IFP Motion (ECF No. 1) is granted.

It is further ordered that the Motion for Counsel (ECF No. 1-2) is granted.

It is further kindly ordered that the Clerk of Court (1) file the Petition (ECF No. 1-1), (2) add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents, (3) electronically provide Respondent's counsel a copy of the Petition (ECF No. 1-1), this Order, and all items previously filed in this case by regenerating the Notices of Electronic Filing, (4) send the Federal Public Defender a copy of this Order and the Petition (ECF No. 1-1), and (5) send a copy of this Order to Collins and the CJA Coordinator for this division.

It is further ordered that Respondent's counsel enter a notice of appearance within 7 days of entry of this Order. No further response will be required until further order.

It is further ordered that the Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Collins by filing a notice of appearance or (2) indicate the Office's inability to represent Collins in these proceedings. If the Federal Public Defender is unable to represent Collins, the Court will appoint alternate counsel. Appointed counsel will represent Collins in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Collins remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the Petition and/or by granting any extension thereof, the Court makes no finding or representation that the Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

DATED THIS 7th Day of July 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4